**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41979**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 776 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: October 20, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| MICHAEL LANE SPARKS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Stephen S. Dunn, District Judge.

Order denying I.C.R. 35 motion for reduction of sentence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

Michael Lane Sparks pled guilty to second degree murder. I.C. § 18-4004. As part of the plea agreement, the parties stipulated to a determinate term of twenty years with the indeterminate term open for argument. The district court sentenced Sparks to a unified term of life imprisonment, with a minimum period of confinement of twenty years.

Sparks appealed, contending that the indeterminate life sentence was excessive. This Court affirmed the sentence in an unpublished opinion. *State v. Sparks*, Docket No. 40844 (Ct. App. Feb. 7, 2014). Sparks then filed a pro se I.C.R. 35 motion to correct an illegal sentence, contending that the mandatory minimum sentence for second degree murder (ten years) establishes the maximum determinate sentence. The district court denied the motion and Sparks again appeals.

1

Sparks reasons that, because I.C. § 18-4004 requires a ten-year minimum sentence for second degree murder, the only sentence the district court was authorized to "fix" as a matter of law. We disagree. Idaho Code Section 18-107 provides:

> Whenever, in this code, the punishment for a crime is left undetermined between certain limits, the punishment to be inflicted in a particular case, must be determined by the court authorized to pass sentence within such limits as may be prescribed by this code.

Idaho Code Section 19-2513 provides in part:

> The court shall specify a minimum period of confinement and may specify a subsequent indeterminate period of custody. The court shall set forth in its judgment and sentence the minimum period of confinement and the subsequent indeterminate period, if any, provided that the aggregate sentence shall not exceed the maximum provided by law. During a minimum term of confinement, the offender shall not be eligible for parole or discharge or credit or reduction of sentence for good conduct except for meritorious service except as provided in section 20-223(f), Idaho Code. The offender may be considered for parole or discharge at any time during the indeterminate portion of the sentence and as provided in section 20-223(f), Idaho Code.

The sentence authorized for second degree murder is set forth in I.C. § 18-4004 as "imprisonment not less than ten (10) years and the imprisonment may extend to life." Thus, the prison sentence is limited to a minimum of ten years and a maximum of life imprisonment. I.C. § 18-107 gives the trial court the authority to impose a sentence anywhere within those limits and I.C. § 19-2315 confers discretion on the court to determine what portion will be determinate or indeterminate.

Sparks's sentence is within the limits set by I.C. § 18-4004 and is not illegal. Therefore, we affirm the district court's order denying Sparks's Rule 35 motion to correct an illegal sentence.